UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK WHITE #228524,**

    Plaintiff,

v.

    Case No. 22-12047

    Hon. Denise Page Hood

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,**

    Defendants.

_____/

**ORDER DENYING MOTION TO REINSTATE CLAIM AND
FOR EVIDENTIARY HEARING (ECF No. 10)
AND
DENYING MOTION TO ADD ADDITIONAL INFORMATION ON
CONTEMPT AND VIOLATION OF SETTLEMENT (ECF No. 15)**

On January 24, 2023, the Court entered an Order of Dismissal based on a settlement agreement between Plaintiff Mark White and Defendants resolving White's civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 9) The parties resolved the matter under the Court's Pro Se Early Prisoner Mediation Program before a court-appointed mediator. The Order of Dismissal expressly noted that the Court retained jurisdiction for the limited purpose of enforcing the terms of the settlement agreement. *Id.* The meditation conference was held on January 17, 2023. White signed a release on January 18, 2023. (ECF No. 12, PageID.135)

A district court has the authority to dismiss pending claims while retaining jurisdiction over the future enforcement of a settlement agreement. *Futernick v. Sumpter Township*, 207 F.3d 305, 310 (6th Cir. 2000). A district court may retain jurisdiction of a matter after settlement by (1) conditioning dismissal, when it is pursuant to Federal Rule of Civil Procedure 41(a)(2), on the parties' compliance with the terms of the settlement agreement; or (2) incorporating the settlement agreement in the dismissal order or retaining jurisdiction over the settlement agreement when it is pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). *Kokkonen v. Guardian Life Insurance Co., of America,* 511 U.S. 375, 381-82 (1994). Where a court retains jurisdiction, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 at 381. A settlement agreement is a contract governed by state contract law. *See Cogent Sols. Grp., LLC v. Hyalogic, LLC*, 712 F.3d 305, 309 (6th Cir. 2013); *Mikonczyk v. Detroit Newspapers, Inc.,* 238 Mich. App. 347, 349 (1999).

"Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001). "Under Michigan law, a contract is formed upon offer and acceptance and a mutual assent or meeting of the minds on all essential terms." *Masco Cabinetry Middlefield, LLC v. Cefla N. Am., Inc.*, 637 F. App'x 192,

197 (6th Cir. 2015) (citing *Kloian v. Domino's Pizza L.L.C.*, 733 N.W.2d 766, 770 (Mich. Ct. App. 2006)). Determining whether there has been a meeting of the minds is "judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Innotext, Inc. v. Petra'Lex USA Inc.*, 694 F.3d 581, 588 (6th Cir. 2012) (quoting *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992)); *In re Deshikachar*, No. 16-1332, 2017 WL 8236040, at *1 (6th Cir. Sept. 29, 2017).

White initially asserted that he did not receive the payment agreed to under the settlement agreement. (ECF No. 10, PageID.113-114) In a subsequent filing, White claims that the funds deposited, but were confiscated. (ECF No. 15, PageID.147) White also claims that staff retaliated against him for filing this action. (ECF No. 10, PageID.114) White asserts that Defendant M. Mosely allowed theft of White's property on January 22, 2023. (ECF No. 15, PageID.148)

In response, the MDOC Defendants assert that the MDOC posted the settlement funds to White's account on January 27, 2013. (ECF No. 12, PageID.126; PageID.138-139 (Receipts)) The MDOC Defendants claim that the material terms of the agreement were that the MDOC would pay white $500, of which $50 was exempt from court-ordered victim restitution and costs. The MDOC Defendants further claim that the funds were subject to court-ordered restitutions and fees which were noted on

3

White's prisoner account. Defendants assert that during the mediation, White was informed that any payments were subject to restitution he owed which were posted on his account. Defendants assert that White's claims of retaliation and any alleged acts by the MDOC staff after entering into the settlement agreement are new claims which are not subject to the settlement agreement nor the underlying complaint in this action.

The "General Release from Liability" signed by White memorializing the settlement agreement states that in consideration of $500, of which $50 shall be exempt from any existing institutional debt that White owed to the MDOC, White discharged Defendants from claims subject to the underlying complaint in this action. (ECF No. 12, PageID.133) Defendants submitted copies of the Receipts showing that $500 was paid to White's account, subject to various deductions and holds on White's account. (ECF No. 12, PageID.138-139) White acknowledges in his subsequent filing that he was paid the settlement. (ECF No. 15) Although White claims that some of the funds were confiscated, and that a disbursement request from the account was rejected, White does not support his claim that the non-exempt $50 dollars was not properly deposited into his account. The MDOC Defendants supported their claim that the funds were deposited into White's account as noted above.

Based on the submissions by the parties, the Court finds that the MDOC Defendants deposited the $500 agreed-to settlement amount into White's account,

which were subject to certain deductions. White acknowledged that the settlement funds were subject to certain deductions as noted on the release signed by White. White has not met his burden to show that the MDOC Defendants did not deposit the settlement funds agreed to under the settlement agreement between the parties. There is nothing to enforce under the settlement agreement since the MDOC Defendants deposited the settlement funds into White's account pursuant to the settlement agreement. The settlement agreement remains and no further evidentiary hearing will be held. The dismissal order will not be set aside and the case remains closed.

As to White's claims against the MDOC Defendants which occurred after the mediation conference and settlement agreement, those are new claims which may be brought under a new action. A party may not seek to amend a complaint after dismissal, unless the dismissal is set aside. *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008). The Court, having found that the settlement agreement and dismissal order in this case remain and the case will not be reopened, the Court cannot consider White's new claims.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Mark White's Motion to Reinstate Claim and for Evidentiary Hearing **(ECF No. 10)** and Motion to Add Additional Information on Contempt and Violation of Settlement **(ECF No. 15)** are both **DENIED**.  The case remains CLOSED.

*s/Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED: September 6, 2023